UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adrian TL Johnson, | Case No.: 2:20-cv-00150-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting IFP Application and Screening Complaint** |
| Sgt. Berndt, et al., | |
| Defendants | [ECF Nos. 1-1, 7] |

Plaintiff Adrian TL Johnson brings this civil-rights action under 42 U.S.C. § 1983, claiming that his civil rights were violated when his personal property, including legal documents, were destroyed. I grant Johnson's request for pauper status and, because he applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Upon screening, I find that Johnson has stated colorable First Amendment retaliation claims against defendants Berndt, Leavitt, Williams, and Heim, so I allow those claims to proceed. I dismiss with prejudice the Fifth Amendment and Eighth Amendment claims, as well as the Fourteenth Amendment claims based on the alleged destruction of property and false statements. I dismiss the remaining claims without prejudice.

**I.     Application to Proceed *In Forma Pauperis* [ECF No. 7]**

Plaintiff applies to proceed *in forma pauperis*.[2] Based on the financial-status information that he provides, I find that plaintiff is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915, so I grant his application. This status does not relieve the plaintiff of the obligation to pay the filing fee, it just means that he can do so in monthly

---

[1] ECF No. 7.

[2] *Id*.

payments that will be deducted from his detainee or inmate account when he has funds available. Those payments will be deducted until the full $350 filing fee is collected from him.

**II.     Screening Johnson's Complaint [ECF No. 1-1]**

    **A.     Plaintiff's factual allegations**[3]

Count 1 of the complaint alleges that the following events took place while Johnson was in custody at the Clark County Detention Center[4]: On or about April 29, 2018, correctional officer Williams, with the assistance of Sgt Berndt and Sgt Leavitt, in the presence of correctional officer Heim, entered Johnson's cell and went through his things, destroying personal property and evidence and other legal documentation.[5]  They did this to harass and punish Johnson in an attempt to intimidate, threaten and/or discourage him from continuing "his rights of protected conduct and adverse action by grieving and filing a lawsuit against other officials."[6]  Johnson believes that they conspired with each other to retaliate against him because he used the grievance system against their friends and colleagues.  Johnson asserts that the defendants are criminally liable either by directly committing a crime, aiding and abetting, or conspiring by entering into a course of conduct "whereby Defendant Correctional Officer Williams dispatched Sgt. Leavitt and Berndt after writing a false report upon the Plaintiff (Adrian Johnson), based upon his personal dislike for the Plaintiff, while being the only officer in the module at the time the incident was to occur."[7]  "As officer Heim was to return Officer

---

[3] These facts are merely a summary of the plaintiff's allegations and not findings of fact.
[4] ECF No. 1-1 at 1.
[5] *Id*. at 4.
[6] *Id.*
[7] *Id.* at 4–5.

Williams was then to give Heim a false briefing telling the story of the incident from his side and point of view."[8]

Later, Sgt Leavitt and Berndt appeared shortly after Heim, receiving the same false story from Officer Williams. The officers "conspired together" by refusing to hear Johnson's side of the matter as he offered to explain the situation.[9] Johnson was removed from his cell and Sgt Leavitt stated that, as much as he would like to push Johnson down the stairs, he wasn't going to do so even though Johnson was "an asshole."[10] Upon being removed from his cell, Johnson stated that he had a lot of legal work and would have liked to move it himself since he had just finished organizing it after a shakedown.[11]

On or about May 2, 2018, Captain Schmidt visited Johnson.[12] Schmidt stated that she did not know anything about the matter with Sgt. Holm even after Johnson stated that he had addressed grievances to the captain and had grieved the matter over 100 times. Johnson told Schmidt that officers Williams, Berndt, Leavitt, and Heim all participated in the destruction of his legal work pertaining to the case against Holm, including declarations from witnesses.[13]

**B.   Plaintiff's causes of action**

Based on these alleged events, Johnson asserts that his Fifth, Eighth, and Fourteenth Amendment rights to due process have been violated.[14] He sues C.O. Williams, Sgt. Berndt, Sgt.

---

[8] *Id.* at 5.
[9] *Id.*
[10] *Id.*
[11] *Id.* at 5–6.
[12] *Id.* at 6.
[13] *Id.*
[14] ECF No. 1-1 at 4.

Leavitt, Cpt. Schmidt, and C. Heim.[15] He seeks monetary damages and declaratory relief.[16]

### C. Discussion

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[17] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[18] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[19]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[20] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[21] The court does not consider evidence when screening a complaint or make any factual findings. Allegations of a *pro se* complainant are held to less

---

[15] *Id.* at 1–3

[16] *Id.* at 9.

[17] *See* 28 U.S.C. § 1915A(a).

[18] *See* 28 U.S.C. § 1915A(b)(1)(2).

[19] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[20] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[21] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

stringent standards than formal pleadings drafted by lawyers,[22] but a plaintiff must provide more than mere labels and conclusions.[23] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[24] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25]

### 1.    *Fifth Amendment and Eighth Amendment Claims*

It appears that the defendants were employed at Clark County Detention Center. The Fifth Amendment's Due Process Clause applies to the federal government, not states and counties.[26] So, I dismiss Johnson's Fifth Amendment claims with prejudice, as amendment would be futile.

It also appears that the alleged events took place while Johnson was a pretrial detainee. A pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment Cruel and Unusual Punishment Clause.[27] The Court therefore dismisses the Eighth Amendment claims with prejudice, as amendment would be futile.

### 2.    *Fourteenth Amendment due-process claims*

Although it is not clear what Johnson's legal theories are, it appears that he is alleging that his due-process rights were violated because he was deprived of his property without due

---

[22] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[25] *Id*.

[26] *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005).

[27] *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971).

process and in violation of criminal law, had legal documents from a case destroyed and was retaliated against, and that some officers provided false accounts of an incident. Retaliation is a First Amendment violation, not a due-process violation. So I address the retaliation claim separately below after evaluating Johnson's other due-process theories

### *a.     Deprivation of property*

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, a negligent deprivation of property is not actionable and an intentional unauthorized deprivation of property by a prison official is not actionable, if a meaningful post-deprivation remedy is available for the loss.[28] An authorized deprivation is one carried out according to established state procedures, regulations, or statutes.[29]

Here, Johnson alleges that the destruction of his property was intentional. He also alleges that this was unauthorized, and even criminal. The State of Nevada provides Johnson with a meaningful post-deprivation remedy for this type of loss.[30] And Johnson may not pursue a criminal claim in this case because criminal statutes may not be enforced by plaintiffs in civil actions such as this one.[31] Therefore, I dismiss this portion of Johnson's complaint with prejudice because amendment would be futile.

---

[28] *Daniels v. Williams,* 474 U.S. 327(1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985).

[29] *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

[30] *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury).

[31] *See Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993).

### b.     Access-to-the-courts claim

Although it is not clear, it may be that Johnson is alleging that he was deprived of due process because he was deprived of law documents relating to an ongoing case, denying him access to the courts.  Prisoners do have a constitutional right of access to the courts,[32] which includes the right to litigate legitimate claims without interference.[33]  To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived.[34]  An "actual injury" is actual prejudice, such as the inability to meet a filing deadline or to present a claim.[35]  However, actions by officials are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests."[36]

The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.[37]  It is not enough for a plaintiff merely to conclude that the allegedly frustrated legal claim was non-frivolous.  The "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."[38]  The complaint

---

[32] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[33] *Silva v. Di Vittorio*, 658 F.3d 1090, 1103–04 (9th Cir. 2011), *overruled on other grounds as stated in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

[34] *Lewis*, 518 U.S. at 349.

[35] *Id*. at 348.

[36] *Id*. at 362.

[37] *Id.* at 353 n.3, 354–55.

[38] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

must similarly identify the particular remedy being sought.[39] The "complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued" and a similar plain statement should describe the lost remedy and any remedy legally available for the access to the courts claim.[40]

If Johnson intended to state an access-to-the-courts claim, he has not done so. Johnson has not alleged facts sufficient to state an underlying non-frivolous criminal or civil-rights claim. He also has not alleged how he was injured in that case by defendants. I therefore dismiss this portion of the complaint without prejudice.

### c. *False statements*

Merely making false statements or bringing false charges is not a due-process violation.[41] Thus, to the extent Johnson is attempting to state a claim based on someone lying about something he did, he fails to state a colorable due-process claim.[42] So, I dismiss that portion of the complaint with prejudice.

---

[39] *Id.* at 415.

[40] *Id.* at 417–18. Rule 8(a) requires that a complaint allege a short and plain statement of facts sufficient to show that the plaintiff is entitled to relief.

[41] *See Hines v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997); *Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (*citing Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

[42] To the extent Johnson is attempting to rely on alleged false statements to state a claim for a conspiracy to violate constitutional rights under § 1983, he fails to do so. To state such a claim, a plaintiff must allege facts sufficient to show the existence of the claimed conspiracy *and* show an actual deprivation of those constitutional rights. *Crowe v. Cnty. of San Diego,* 608 F.3d 406, 440 (9th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). Because Johnson cannot state a colorable due-process claim based on false accusations, he necessarily cannot state a related colorable conspiracy claim.

### *2.     First Amendment retaliation claims*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege facts sufficient to show: "(1) a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[43]  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[44]

Thus, to state a retaliation claim, the plaintiff must allege facts sufficient to show that each <u>particular</u> defendant engaged in adverse conduct.[45]  He also must allege facts showing that the particular defendant was aware of the protected conduct and that the protected conduct provided that particular defendant with a retaliatory motive; mere speculation is insufficient.[46] Timing may sometimes provide some circumstantial evidence of retaliatory intent when adverse conduct takes place shortly after the plaintiff engages in protected conduct.[47]  However, there must be something more than timing to show retaliatory intent; retaliation is not established simply by showing adverse activity after the occurrence of protected speech, but rather a plaintiff must show a connection between the two events.[48]

---

[43] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004).

[44] *Id.* at 568–69.

[45] *Id.* at 567.

[46] *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995).

[47] *See Bruce v Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2000) (suspect timing of adverse conduct soon after protected conduct, combined with statements by defendants and evidence of pretext created triable issue of fact concerning retaliatory motive).

[48] *Husky v. City of San Jose,* 204 F.3d 893, 899 (9th Cir. 2000); *Pratt,* 65 F.3d at 808  ("suspect timing" of inmate's transfer to different prison, without more, insufficient to support inference that the transfer was done in retaliation for inmate's exercise of First Amendment rights);

The plaintiff also bears the burden of pleading the absence of legitimate correctional goals for the conduct of which he complains.[49] Retaliation claims brought by prisoners must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'"[50] The failure to respond effectively to grievances, such as failing to respond to grievances or rejecting grievances, is not sufficient to state a retaliation claim.[51]

Finally, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[52] Thus, a person does not become liable for retaliation merely because he or she is employed with, supervised by, or a supervisor of someone who engages in retaliation. A person's mere knowledge of someone else's retaliation is insufficient to hold that person liable for retaliation.[53] Rather, for each defendant, a plaintiff must allege <u>facts</u> sufficient to show that the defendant took a particular adverse retaliatory course of conduct because of particular protected conduct.

Liberally construing the complaint for purposes of screening, I find that Johnson states a colorable retaliation claim against defendants Williams, Berndt, Leavitt, and Heim. The

---

*Phillippi v. Patterson*, 599 F. App'x 288, 289 (9th Cir. 2015); *Rupe v. Beard*, No. CV-08-2454-EFS PC, 2013 WL 6859278, at *7 (E.D. Cal. Dec. 24, 2013).

[49] *Pratt*, 65 F.3d at 806.

[50] *Id.* at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).

[51] *See Stockton v. Tyson*, 2011 WL 5118456, at *2–3 (E.D. Cal. Oct. 27, 2011); *Allen v. Kernan*, 2017 WL 4518489, at *9 (S.D. Cal. Oct. 10, 2017).

[52] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[53] *Cf. Iqbal*, 556 U.S. at 677; *see also Heilman v. Wasko*, 2012 WL 4468417, at *2 (E.D. Cal. Sept. 25, 2012).

complaint alleges protected conduct, which is his case against Holm. Liberally construed, the complaint alleges that defendants Williams, Berndt, Leavitt, and Heim knew of this litigation against their fellow officer because they saw the case documents during the April 20, 2018, search of Johnson's cell. Because these defendants allegedly destroyed the documents from the litigation, including supporting evidence, liberally construed, the complaint alleges facts that would be sufficient to show that these defendants took retaliatory adverse action for Johnson's case against Holm with no legitimate correctional goal. So, I find that Johnson has stated colorable retaliation claims against defendants Williams, Berndt, Leavitt, and Heim and these retaliation claims may proceed against those defendants.

However, Johnson's conclusory allegation that these defendants conspired to retaliate against him because of grievances he filed against other officers is not sufficient to state a claim for retaliation or conspiracy to retaliate.[54] Johnson has not alleged *facts sufficient to show* that these defendants were aware of any grievance against other officers, when they became aware of any grievances against another officer, or any other facts sufficient to show that they engaged in adverse conduct because of such grievances. Therefore, to the extent Johnson is relying on any protected conduct other than the litigation against Holm to state a retaliation claim or a related

---

[54] It is questionable whether a plaintiff can succeed on a claim that defendants from the same entity conspired with each other to violate the plaintiff's civil rights. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866, 1868 (2017) (calling into question whether agents from the same legal entity, who agreed to implement an unconstitutional policy, are legally capable of conspiring with each other to violate civil rights, and finding that prison officials were entitled to qualified immunity); *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019), *cert. denied sub nom. City of Cleveland, Ohio v. Jackson*, 140 S. Ct. 855 (2020) (holding that the intracorporate-conspiracy doctrine applies in § 1983 suits to bar conspiracy claims where two or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights); *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1245–46 (9th Cir. 2019) (holding that defendant FBI agents were entitled to qualified immunity on claim that they conspired to violate civil rights in violation of § 1985).

11

conspiracy claim, any such claim is dismissed without prejudice. In addition, although Johnson alleges that he told defendant Schmidt about the destruction of his legal work, he does not allege facts sufficient to show that Schmidt personally retaliated against Johnson. So, I dismiss the retaliation claim against Schmidt without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the filing fee **[ECF No. 7] is GRANTED**.[55] Plaintiff need not pay an initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the Clark County Detention Center must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Adrian TL Johnson, #5652528** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If plaintiff gets transferred to and comes under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from his account. The Clerk is directed to **SEND a copy of this order** to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

---

[55] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

12

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE the complaint** (ECF No. 1-1).

IT IS FURTHER ORDERED that:

- The Fifth Amendment and Eighth Amendment claims, as well as the Fourteenth Amendment claims based on the alleged destruction of property and false statements, are DISMISSED with prejudice and without leave to amend;

- **The First Amendment retaliation claims against defendants Sgt Berndt, Sgt Leavitt, correctional officer Heim, and correctional officer Williams MAY PROCEED**;

- The remaining claims are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

- **issue a** summons for Defendants Sgt Berndt, Sgt Leavitt, correctional officer Heim, and correctional officer Williams **and deliver them, along with** copies of the complaint (ECF No. 1-1) and this order to the U.S. Marshal for service on defendants;

- **send to plaintiff four USM-285 forms**. Plaintiff will then have **30 days** to furnish to the U.S. Marshal the required USM-285 forms with relevant information about each defendant.

IT IS FURTHER ORDERED that **plaintiff will have 20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished to **file a notice** with the Court identifying whether any defendant was served or not served. If plaintiff wishes to have service again attempted on an unserved defendant, he must seek that relief by filing a motion in which he specifies a more detailed name and/or address for the defendant, or states whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that plaintiff must serve upon defendants or, if appearance has been entered by counsel, upon each defendant's attorney, a copy of every pleading, motion or other document submitted to the Court for consideration. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant or counsel for the defendant. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk that fails to include a certificate of service.

Dated: December 17, 2020

_____
U.S. District Judge