UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADRIAN TL JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. BERNDT, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-00150-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No 25<br><br>(Amended Complaint) |

　　　　Presently before the Court is Defendants' Motion to Strike the Amended Complaint (ECF No. 25). No opposition to the Motion was filed. The Court finds as follows.

**I.　　BACKGROUND**

　　　　On January 21, 2020, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") together with his original Complaint. ECF Nos. 1 and 1-1. On December 17, 2020, Plaintiff's IFP application was granted, and the Court ordered the Complaint to proceed on Plaintiff's First Amendment retaliation claim against Defendants Sgt Berndt, Sgt Leavitt, correctional officer Heim, and correctional officer Williams. On March 4, 2021, Defendants wrote Plaintiff requesting he amend his Complaint to accurately disclose his litigation history to ensure his eligibility for IFP status. ECF No. 25 at 4. Plaintiff complied with this request, but also allegedly added "new factual allegations and legal bases for his claims." ECF No 25 at 2. Defendants move to strike the Amended Complaint in accordance with Federal Rules of Civil Procedure 12(f) on the grounds that Plaintiff could not file the Amended Complaint as a matter of course under FRCP 15(a)(1) and that he did not comply with FRCP 15(a)(2). Pursuant to the Federal Rules of Civil Procedure Rule 12(f)(2), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

1

## II. DISCUSSION

### A. Local Rule 7-2(d) supports granting Defendants' Motion to Strike.

Local Rule 7-2(d) states, in relevant part, that "the failure of an opposing party to file points and authorities in response to any motion… constitutes a consent to the granting of the motion." Defendants' Motion was filed on May 10, 2021, creating a response due date of May 24, 2021. To date, Plaintiff has not filed a response to Defendants' Motion, which is tantamount to a consent to the granting of the Motion. For this reason alone, Defendant's Motion may be granted.

### B. Federal Rules of Civil Procedure Rule 15(a)(2) also supports granting Defendant's Motion to Strike.

Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course … 21 days after serving it." If Rule 15(a)(1) does not apply, as is true in this case, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). Defendants state that their written request to Plaintiff constituted consent to an amended complaint that included the disclosure of Plaintiff's litigation history, but did not include consent to add new facts or legal bases for claims. ECF No. 25 at 4. Therefore, Defendants conclude that it did not provide Plaintiff with written consent to file the Amended Complaint now before the Court. *Id.* While this is technically true, a motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, Plaintiff, a pro se prisoner, may have reasonably believed the consent given was broader than it was. Therefore, the Court exercises its broad authority to consider whether the Amended Complaint states claims and should be allowed to proceed. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Court reviews the Fifth Amendment claim, Fourteenth Amendment deprivation-of-property, false-statements, and access-to-the-courts claims, and First Amendment conspiracy-retaliation claim asserted in the Amended Complaint. Defendants' Motion does not address Plaintiff's First Amendment retaliation claim against Defendants Sgt Berndt, Sgt Leavitt,

correctional officer Heim, and correctional officer Williams, which was allowed to proceed. ECF Nos. 10 at 11 and 25 in its entirety. Thus, this claim survives Defendants' Motion to Strike.

        C.     <u>Plaintiff's Amended Complaint asserts claims barred by res judicata</u>.

Plaintiff's original Complaint included claims under the Fifth, Eighth, and Fourteenth Amendments. The Court split the Fourteenth Amendment Due Process claim into three parts including deprivation of property, false statements, and access to the courts. ECF No. 10 at 5-6. The Court also identified two First Amendment claims. *Id*. at 9-11. These claims included destruction of property in retaliation for Plaintiff's case against Sgt. Holms, and a conspiracy-to-retaliate claim arising from grievances filed against various corrections officers. *Id*. at 11.

After analysis, the Court dismissed Plaintiff's Fifth, Eighth, and Fourteenth deprivation-of-property and false-statements claims with prejudice. *Id*. at 13. Plaintiff's Amended Complaint reasserts these claims (ECF No. 24 at 5-6), which are barred by res judicata. *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956-57 (9th Cir.2002) (discussing elements of res judicata, and noting that "dismissal for failure to state a claim" constitutes a final judgment on the merits to which res judicata applies). As such, the Court finds Plaintiff's Fifth, Eighth, and Fourteenth Amendment deprivation-of-property and false-statement claims are futile and properly struck.

        D.     <u>Plaintiff's reassertion of his Fourteenth Amendment access-to-the-courts cause of action fails to state a claim upon which relief may be granted</u>.

Plaintiff's Fourteenth Amendment access-to-the-courts claim was dismissed without prejudice. ECF No. 10 at 8. In his Amended Complaint, Plaintiff reasserts this claim, but pleads insufficient facts such that the Court again recommends dismissal. ECF No. 24 at 4-5.

Federal Rule of Civil Procedure 8(a) requires that a complaint allege a short and plain statement of facts sufficient to show that the plaintiff is entitled to relief. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, but a plaintiff must provide more than mere labels and conclusions. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); see also *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported with

3

factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Court applies these principles to Plaintiff's access-to-courts cause of action.[1]

Prisoners have a constitutional right of access to the courts that includes the right to litigate legitimate claims without interference. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103–04 (9th Cir. 2011), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury. *Lewis*, 518 U.S. at 349. An "actual injury" is actual prejudice such as the inability to meet a filing deadline or present a claim. *Id.* at 348. However, actions by officials that may in some fashion impede the right of access are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362.

The right of access to the courts is generally limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354–55. It is not enough that a plaintiff conclude his allegedly frustrated claim was non-frivolous. Rather, the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury,* 536 U.S. 403, 415 (2002). A plaintiff's complaint must also identify the particular remedy being sought. *Id*.

Plaintiff alleges that his constitutional right of access to the courts was violated when certain officers purposely destroyed his property in an attempt to keep him from bringing a non-frivolous complaint in court. ECF No. 24 at 5-6. But this allegation does not state an underlying non-frivolous cause of action. *Id*. at 4-6. Plaintiff also does not allege the remedy he seeks. *Id*. at 12. In fact, the allegations in Plaintiff's Amended Complaint are almost identical to those asserted in his original complaint (ECF No. 1-1), which the Court found insufficient to state this claim. *Compare id*. and

---

[1] The Court notes that Plaintiff alleges that Defendants' conduct was also criminal. *Id*. at 5. This claim was dismissed with prejudice by the Court. ECF No. 10 at 6. Thus, Plaintiff may not reassert this claim in his Amended Complaint. *Stewart*, 297 F.3d at 956-57.

4

ECF Nos. 10 at 7-8. There is one new fact alleged by Plaintiff; that is, that the folders destroyed were clearly labeled and in a specific sequence. However, Plaintiff never identifies a viable underlying cause of action against the unnamed "other officers." ECF No. 24 at 4-6. Thus, Plaintiff's fails to allege sufficient facts to demonstrate an access-to-the-courts violation. *Christopher*, 536 at 415, 417-18; *Lewis*, 518 U.S. at 348. Plaintiff also fails to allege an "actual injury" or "particular remedy" sought with respect to this claim. *Christopher*, 536 at 415, 417-18. Thus, Plaintiff's Amended Complaint again fails to state an access-to-the-courts cause of action as a matter of law. The Court recommends this claim be dismissed without prejudice, but also without leave to amend.

      E.    <u>Plaintiff reasserts a First Amendment conspiracy-based retaliation cause of action that fails to allege sufficient facts to state a claim upon which relief may be granted.</u>

Plaintiff's First Amendment claim based on allegations that Defendants Williams, Berndt, Leavitt, and Heim conspired to retaliate against him was dismissed without prejudice. ECF No. 10 at 11-12. The Court also dismissed without prejudice Plaintiff's claim against defendant Schmidt because Plaintiff did "not allege facts sufficient to show that Schmidt personally retaliated against" him. *Id*. at 12.[2] Plaintiff attempts to reassert these claims adding additional facts; however, his factual allegation continue to be insufficient to state a claim.

In Plaintiff's Amended Complaint he alleges that Defendants knew of the grievances against other officers due to the destruction of folders inside his cell labeled as "Inmate Declarations for Civil Action Holms." ECF No. 24 at 6. Unfortunately, however, even if the Court construes this allegation as sufficient to demonstrate Defendants knew of Plaintiff's intent to file suit thereby prompting the destruction of the folders and their contents, there are no factual allegations supporting the conclusion that Defendants agreed or shared the objective to violate Plaintiff's First Amendment rights. *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999) (to

---

[2] Plaintiff reasserts his claim against Captain Schmidt alleging Schmidt is liable as a supervisor because he knew of the events in which Williams, Berndt, Leavitt, and Heim were allegedly involved and made "no attempt to correct the" officers. ECF No. 24 at 9. A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff asserts no facts demonstrating Schmidt participated in or directed any of the Defendants' conduct. Thus, Plaintiff's allegations against Captain Schmidt fail to state a claim.

establish liability for a conspiracy in a § 1983 case, a plaintiff must "demonstrate the existence of an agreement or meeting of the minds" to violate constitutional rights) (internal quotation marks omitted); *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1541 (9th Cir.1989) (en banc) ("[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy").

Plaintiff alleges no facts supporting the conclusion that each Defendant agreed to destroy this particular property or even shared the common objective to do so in an effort to thwart Plaintiff's First Amendment rights. Instead, Plaintiff asserts a conclusion that the folders were destroyed because of what they contained, while also alleging that Defendants destroyed personal property, searched his personal property, and ripped everything into confetti. ECF No. 24 at 6. These allegations fail to plead civil conspiracy with the particularity required even for § 1983 claims. *Martinez v. Evans*, Case No. C 09-0069-MNC (PR), 2009 WL 2710304, at *1 (N.D. Cal. Aug. 26, 2009) (*citing Harris v. Roderick,* 126 F.3d 1189, 1195-96 (9th Cir.1997)).[3]

Thus, Plaintiff's Amended Complaint fails to state a First Amendment conspiracy-based, retaliation claim. The Court recommends this claim be dismissed without prejudice, but also without leave to amend.

## III.  RECOMMENDATION

Accordingly, and for the reasons stated above, IT IS HEREBY RECOMMENDED that the Defendants' Motion to Strike the Amended Complaint (ECF No. 25) be GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that Plaintiff's Fifth, Eighth, and Fourteenth Amendment deprivation-of-property and false-statement claims be struck.

---

[3] As the Court previously pointed out, there is also serious legal question regarding whether Plaintiff can even state a conspiracy claim because all defendants were employed by the same legal entity, at the same location, in the same capacity. ECF No. 10 at 11 n.54, *citing Ziglar v. Abbasi*, 137 S. Ct. 1843, 1866, 1868 (2017) (calling into question whether agents from the same legal entity, who agreed to implement an unconstitutional policy, are legally capable of conspiring with each other to violate civil rights, and finding that prison officials were entitled to qualified immunity); *Jackson v. City of Cleveland,* 925 F.3d 793, 818 (6th Cir. 2019), *cert. denied sub nom. City of Cleveland, Ohio v. Jackson*, 140 S.Ct. 855 (2020) (holding that the intracorporate-conspiracy doctrine applies in § 1983 suits to bar conspiracy claims where two or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights); *see also Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1245-46 (9th Cir. 2019) (holding that defendant FBI agents were entitled to qualified immunity on claim that they conspired to violate civil rights in violation of § 1985).

IT IS FURTHER RECOMMENDED that Plaintiff's Fourteenth Amendment access-to-the-courts claim be dismissed without prejudice, and without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's First Amendment conspiracy-based retaliation claim be dismissed without prejudice, and without leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's original Complaint (ECF No. 1-1) remain the operative Complaint and Plaintiff be entitled to proceed as stated in the Court's Screening Order (ECF No. 10).

DATED THIS 23rd day of June, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).