# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Adrian TL Johnson, | Case No.: 2:20-cv-00150-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motions to Strike, Adopting Magistrate Judge's Recommendation and Overruling Objection to it, Denying Motion for Leave to File an Amended Complaint, and Affirming Magistrate Judge's Order Denying Appointment of Counsel** |
| Sean Berndt, et al., | |
| Defendants | |
| | [ECF Nos. 25, 28, 31, 46, 51, 53, 54] |

Pro se plaintiff Adrian Johnson sues four Las Vegas Metropolitan Police Department officers for civil-rights violations, claiming that they retaliated against him for filing grievances and civil lawsuits while he was incarcerated at the Clark County Detention Center. The officers move to strike Johnson's first-amended complaint for failure to comply with this district's local rules and the Federal Rules of Civil Procedure (FRCP). The magistrate judge recommends that I grant the motion to strike, and Johnson objects. Johnson also filed a second-amended complaint, which the defendants likewise move to strike. Separately from the second-amended complaint, Johnson moves for leave to file an amended complaint and objects to the magistrate judge's order declining to appoint him.

Because neither of Johnson's amended complaints complies with the local rules or the FRCP, I grant the defendants' two motions to strike; adopt the magistrate judge's recommendation; and overrule Johnson's objection, leaving Johnson's original complaint[1] as the operative pleading. I also deny Johnson's motion for leave to file an amended complaint because

---

[1] ECF No. 11.

he didn't comply with the local rules or the FRCP, and I affirm the magistrate judge's order because Johnson hasn't demonstrated extraordinary circumstances warranting appointment of counsel.

**Background**

Johnson initially applied to proceed *in forma pauperis* in January 2020,[2] and after two failed attempts,[3] I granted his third application in December 2020 and allowed his case to proceed on his First Amendment retaliation claims against Sean Berndt, Christopher Heim, Bradley Leavitt, and Scott Williams.[4]  The defendants filed an answer on February 12, 2021.[5] They sent Johnson a letter three weeks later, asking him to amend his complaint to accurately disclose his litigation history so the court could assess his eligibility to proceed *in forma pauperis*.[6]  More than two months after that, Johnson filed a first-amended complaint,[7] "disclos[ing] for the first time one of his cases filed in this [d]istrict that had been dismissed for failure to state a claim upon which relief can be granted."[8]  "But rather than just disclose his litigation history," Johnson also "include[d] new factual allegations and legal grounds supporting his causes of action" although the "defendants did not consent to these additions."[9]

---

[2] ECF No. 1.

[3] ECF No. 3; ECF No. 7.

[4] ECF No. 10.  Williams hasn't been served.  *See* ECF No. 15; ECF No. 23.  I use "defendants" throughout this order to refer to Berndt, Leavitt, and Heim only.

[5] ECF No. 17.

[6] ECF No. 25 at 3–4; ECF No. 31 at 2 (Johnson's objection to the R&R in which he concedes that the defendants sent this letter).

[7] ECF No. 24.

[8] ECF No. 25 at 4.

[9] *Id.* at 4.

The defendants move to strike Johnson's first-amended complaint, arguing that it doesn't comply with FRCP 15(a)(2) and is thus "a rogue filing that has no legal effect and cannot remain on the docket."[10]  Magistrate Judge Youchah recommends that I grant that motion to strike because Johnson never responded to it, and his silence constitutes his consent to granting it. Johnson objects, contending that he never saw the defendants' motion and therefore didn't have an opportunity to file an opposition to it.[11]  In his objection to the R&R, Johnson also attempts to bring new access-to-courts claims and describes that he was confused about the FRCP and didn't understand that he couldn't add "more detailed descriptions of the events" in his first-amended complaint.[12]

Although I had not yet ruled on the defendants' first motion to strike, the R&R, or Johnson's objection to it, Johnson filed a second-amended complaint—again without leave or the defendants' consent—on November 24, 2021.[13]  On December 28, 2021, the defendants moved to strike that filing, too, because Johnson again failed to comply with the court's rules and because he failed to disclose his prior litigation history.[14]  The defendants point out that Johnson's litigation history is relevant because of the Prison Litigation Reform Act's (PLRA) three-strikes rule, which "prevents a prisoner from bringing suit *in forma pauperis* . . . if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief can be granted.'"[15]  On February 9, 2022, two-and-a-

---

[10] ECF No. 25 at 2.

[11] ECF No. 31 at 3, 9–10.

[12] *Id.* at 7–11.

[13] ECF No. 44.

[14] ECF No. 46.

[15] *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)).

half months after he filed his second-amended complaint, Johnson moved for leave to file an amended complaint, requesting that I construe his November 24, 2021, pleading as having been attached to the February 9, 2022, motion for leave.[16]  He also filed an objection to Judge Youchah's order denying him appointment of counsel, arguing that the complexity of his case is an extraordinary circumstance warranting counsel's assistance.[17]

## Discussion

**I.    Neither of Johnson's amended complaints complies with the applicable rules.**

**A.    The magistrate judge's R&R, the defendants' motion to strike the first-amended complaint, and Johnson's objection [ECF Nos. 25, 28, 31]**

Judge Youchah recommends that I grant the defendants' motion to strike Johnson's first-amended complaint.[18]  She relies on Local Rule 7-2(d),[19] which states that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[20]  Because Johnson didn't oppose the defendants' motion to strike, Local Rule 7-2(d) is a sufficient basis on which to adopt Judge Youchah's R&R and grant the defendants' motion to strike.

Johnson contends objects to that R&R.  He contends that he didn't oppose the motion because he never received notice of it.[21]  While the record shows that Johnson didn't receive a

---

[16] ECF No. 53 at 2.

[17] ECF No. 51; ECF No. 54.

[18] ECF No. 28.

[19] *Id.* at 2.

[20] L.R. 7-2(d).

[21] ECF No. 31 at 3.

mailed copy of a different order,[22] nothing in the record indicates that Johnson also missed the defendants' first motion to strike.  Even if Johnson didn't receive the motion and wasn't aware it had been filed, I would still grant the motion to strike.  FRCP 15(a)(1) allows parties to amend a pleading once as a matter of course within 21 days of serving it.[23]  Johnson filed his original complaint on December 17, 2020, and his first-amended complaint on April 26, 2021, long after the 21-day period had expired.[24]  So he would have needed "the opposing party's written consent or the court's leave" to file an amended complaint.[25]  He had neither.

The defendants indicate that in their March 4, 2021, letter[26] they consented to Johnson's amendment of his complaint *only* to add a more complete version of his litigation history;[27] they did not consent to the adding of new claims, additional information about existing claims, or the return of claims that had already been dismissed during screening.  Johnson represents that he was "under the impression that he could [a]mend his [c]omplaint at any time" after the December 17, 2020, order, in which I granted his application to proceed *in forma pauperis* and directed the Clerk of Court to file his initial complaint.[28]  But nothing in that order gave Johnson leave to file another complaint; it merely directed that the initial complaint he already submitted could be officially filed as part of the record.  So because Johnson didn't oppose the defendants'

---

[22] ECF No. 40; ECF No. 41.

[23] Fed. R. Civ. P. 15(a)(1).

[24] ECF No. 11; ECF No. 24.

[25] Fed. R. Civ. P. 15(a)(2).

[26] The defendants don't include the letter in the record because it references grounds for sanctions against Johnson.  ECF No. 25 n.2 (citing Fed. R. Civ. P. 11(c)(2)).  But Johnson concedes that the defendants sent the letter, and he acknowledges that they limited their request to the "accurate[] disclos[ure of] previous case history."  ECF No. 31 at 2.

[27] ECF No. 25 at 3–4; ECF No. 31 at 2.

[28] ECF No. 31.

motion to strike his first-amended complaint and because he filed that pleading in violation of FRCP 15(a)(2), I adopt Judge Youchah's R&R, grant the defendants' motion to strike, and overrule Johnson's objection.

### B. Motion to strike Johnson's second-amended complaint [ECF No. 46]

Johnson's second-amended complaint must be stricken for the same reason as his first: it fails to comply with FRCP 15(a)(2).[29]  Again, without the court's leave or the defendants' consent, Johnson filed the second-amended complaint on November 24, 2021.[30]  The defendants move to strike the complaint, arguing that Johnson did not comply with FRCP 15(a)(2) and that he attempts to raise "additional claims for relief [that] do not come from the same occurrence or series of occurrences as those [pled] in the underlying [c]omplaint."[31]  This is not permitted.  So because Johnson didn't comply with FRCP 15(a)(2), I grant the defendants' motion to strike Johnson's second-amended complaint, too.

## II. Johnson's motion for leave to file an amended complaint is improper.

On February 9, 2022, Johnson filed a motion for leave to file an amended complaint, but he didn't attach a proposed complaint to it.[32]  He asks me to "make op[]erative the [a]mended [c]omplaint (ECF No. 44), in lieu of being attached to this motion."[33]  The defendants contend that I should deny Johnson's request "because it is untimely[,] and the proposed pleading contains futile claims—including theories of liability that the [c]ourt already dismissed with

---

[29] Fed. R. Civ. P. 15(a)(2).

[30] ECF No. 44.

[31] ECF No. 46 at 1–2.

[32] ECF No. 53.

[33] *Id.* at 2.

prejudice in its [s]creening [o]rder."[34]  They note that "[t]he deadline to amend pleadings in this case expired on December 17, 2021," and that Johnson didn't file his motion for leave file an amended complaint until more than a month and a half later.[35]  So because Johnson moved for leave to file an amended complaint after the deadline and failed to comply with the proper procedures, I deny his motion for leave to file an amended complaint.

The proper method for Johnson to follow—if he desires to file an amended complaint—is to file a motion seeking leave to amend, with his proposed amended complaint attached as an exhibit to the motion.[36]  Along with that motion, he would also need to file a motion seeking to extend the deadline to file amended pleadings and would need to demonstrate "excusable neglect" for not filing the motion in compliance with the original deadline.[37]  If he seeks to assert new claims that are unrelated to this case, he must bring those claims in a separate lawsuit.  And I caution Johnson that if he does file a motion seeking leave to amend, he must not include claims that were already dismissed from this case during screening.

**III.     Johnson isn't entitled to appointed counsel.**

Like many prisoners who file civil-rights claims, Johnson asked the court to find and appoint a free lawyer, nearly two years after this case began.[38]  Judge Youchah denied his request, reasoning that Johnson "is an experienced litigant" with multiple filings in this court, which "demonstrate [that] he is not unfamiliar with the legal process."[39]  Johnson objects to

---

[34] ECF No. 55 at 2.

[35] *Id.* (citing ECF No. 43, a scheduling order setting December 17, 2021, as the deadline to amend pleadings).

[36] L.R. 15-1.

[37] L.R. IA 6-1.

[38] ECF No. 50.

[39] ECF No. 51.

Judge Youchah's denial of counsel, which I construe as an appeal of her decision.[40]  A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[41]  This standard of review "is significantly deferential" to a magistrate judge's determination.[42]  A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[43] or a relevant statute, law, or rule has been omitted or misapplied.[44]

Johnson acknowledges that a litigant does not have a constitutional right to appointed counsel in a civil-rights lawsuit like this one.[45]  The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel."  However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[46]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"[47]  "Neither of these considerations is dispositive[;] instead[, they] must be viewed together."[48]

---

[40] ECF No. 54.

[41] L.R. IB 3-1(a).

[42] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[43] *Id.* (internal quotation marks omitted).

[44] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[45] ECF No. 54 at 1–2 (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)).

[46] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[47] *Id.*

[48] *Id.*

I do not find exceptional circumstances here. Johnson has demonstrated the ability to articulate his claims and has done so in numerous filings in this and other federal cases for years.[49] Judge Youchah accurately concluded that the difficulties Johnson faces in bringing this suit are the same as any pro se litigant and thus "do not establish exceptional circumstances."[50] This was not clearly erroneous or contrary to law. I therefore affirm the magistrate judge's order denying Johnson the appointment of counsel.

### Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 28] is ADOPTED in full**, Johnson's objection to the report and recommendation **[ECF No. 31] is OVERRULED**, and the defendants' motions to strike **[ECF Nos. 25, 46] are GRANTED**. The Clerk of Court is directed to **STRIKE** both of Johnson's amended complaints **[ECF Nos. 24, 44] from the record**. Johnson's original complaint **[ECF No. 11]** is the operative pleading in this case, which proceeds only on Johnson's First Amendment retaliation claim against Berndt, Heim, Leavitt, and Williams.

IT IS FURTHER ORDERED that Johnson's motion for leave to file an amended complaint **[ECF No. 53] is DENIED**. Johnson's objection to the order denying appointment of counsel **[ECF No. 54] is OVERRULED**, and that order **[ECF No. 51] is AFFIRMED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 7, 2022

---

[49] *See, e.g.*, ECF No. 54 at 3–4 (list of other cases Johnson has brought in this court).

[50] ECF No. 51.