UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRIAN TL JOHNSON, | Case No. 2:20-cv-00150-JAD-EJY |
| Plaintiff | |
| v. | **ORDER AMENDEDING ECF NO. 59** |
| SGT. BERNDT, *et al*., | |
| Defendants. | |

### I.     Introduction

On March 9, 2022, the Court entered an Order pertaining to the service of the named, but still unserved Defendant Scott Williams ("Williams").  The history underlying the failure to serve Williams was not fully developed at the time of the Order and, therefore, the Court built in a delay of service to allow served Defendants an opportunity to object to service of Williams if they chose to do so.  On March 22, 2022, the Court received the Opposition to service on Williams filed by the served Defendants.  ECF No. 62.

### II.    Background

As explained by the Court in the March 9th Order (ECF No. 59), a summons was first issued for Williams on January 26, 2021, but service was unsuccessful because Williams was only identified by his common last name at that time.  ECF No. 15.  A second summons was issued for Williams on February 23, 2021, as directed by a Court Order; however, no attempt to serve this summons appears on the docket.  *See* ECF No. 23 and the Docket generally.  Nonetheless, in its February 2021 Order, the Court instructed Plaintiff to file, within twenty-one days of the date of the Order: (i) an executed copy of the USM-285 if service was completed on Williams or, (ii) if service was not completed, a motion with any additional information for Williams in which Plaintiff could also request an alternative form of service.  Plaintiff did not comply with the Order.  Instead, months later on August 9, 2021, Plaintiff filed a request seeking the status of service on Williams.  ECF No. 35.

On September 27, 2021, discovery was stayed in this matter because Plaintiff was being temporarily transported to a different facility. ECF No. 40. In the Order staying discovery, the Court denied Plaintiff's request for status of service on Williams without prejudice and with leave to renew. The stay of discovery was lifted on October 22, 2021, but Plaintiff did not renew his request for service on Williams until March 8, 2022. It was not until the served Defendants responded to the Court's March 9 Order that the Court learned these Defendants produced records to Plaintiff in July 2021 that identified Williams as Scott Williams and provided Williams' P#, information that would have allowed for effective service. ECF No. 62 at 1, 4.

### III. Discussion

Ordinarily, services of a summons and complaint on a named party must occur within 90 days of the date a complaint is filed. Fed. R. Civ. P. 4(m). The failure to timely serve under Rule 4(m) is not fatal as the Rule provides two avenues for relief from this service deadline. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Relief is mandatory if the district court finds the plaintiff establishes good cause for the extension requested. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir .2001). Relief is within the Court's discretion if good cause is not shown, but a plaintiff demonstrates excusable neglect. *Crowley v. Bannister*, 734 F.3d 967, 976 (citing *Lemoge*, 587 F.3d at 1198). Overall, the Court has broad discretion to extend time to serve a complaint. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).

The Ninth Circuit holds "that good cause generally means: (a) service was attempted but not completed; (b) plaintiff was confused about the requirements of service; or (c) plaintiff was prevented from serving defendant by factors beyond plaintiff's control." *C.B. Fleet Co., Inc. v. Bowker*, Case No. 2:12-cv-1510-JCM-PAL, 2013 WL 164271, at *2 (D. Nev. Jan. 14, 2013) (internal citations omitted).

The served Defendants correctly point out that it has been well over a year since Plaintiff filed his Complaint in January 2020 (ECF No. 1). The Court notes that while this is true, Plaintiff's Complaint was not screened until the end of December 2020, when certain claims were allowed to proceed. ECF No. 10. Service on Williams was requested promptly thereafter, in January 2021 and

a second summons was issued in February 2021.  On August 9, 2021 Plaintiff sought the status of service on Williams, but had not complied with the Court's February 2021 Order and did not pursue service again until March 8, 2022 despite having information as early as July 2021 to allow him to identify Williams by his first name and P#.

The Court recognizes that Plaintiff is incarcerated and has little control over service of process and minimal access to information that might allow for prompt effective service on named Defendants.  These facts warrant some leniency when it comes to service.  However, Plaintiff offers nothing in his March 8, 2022 filing to explain why he did not seek service of Williams anytime between the end of October 2021 and early March 2022.  It is this time period that concerns the Court.  In fact, there is no evidence that anything prevented Plaintiff from seeking service on Williams during this four-plus month period of time.  Thus, the Court finds Plaintiff cannot establish good cause for the failure to timely serve.

To determine whether Plaintiff's failure to serve Williams "constitutes 'excusable neglect,' courts must apply a four-factor equitable test" based upon *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir.1997)." *Hoffman v. Red Wing Brands of America, Inc.*, Case No. 3:13-cv-00633-LRH-VPC, 2014 WL 4636349, at *4 (D. Nev. Sept. 16, 2014).  That equitable test requires examination of: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (internal quote marks and citations omitted).  "Those four enumerated factors are not exhaustive however." *Id. citing Lemoge*, 587 F.3d at 1195.  "In some circumstances, the prejudice a denial would cause to the movant must also be considered, but it is not a fact that must be assessed in each and every case." *Id. citing S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1092 (9th Cir. 2010) (internal quotation marks and citation omitted).

This case has been pending for over two years.  There is no evidence that Williams is aware of the litigation.  The close of discovery was recently extended to April 29, 2022, to allow Defendants to take Plaintiff's deposition.  Service on Williams at this juncture, so close to the end of discovery,

could result in a reopening of discovery to allow Plaintiff and Williams to conduct some written discovery leading to a delay in the proceedings. Moreover, there is nothing before the Court that explains why Plaintiff did nothing to attempt to effect service on Williams between the end of October 2021 and early March 2022; that is, after the stay was lifted and before Plaintiff's Motion requesting service on Williams was filed. This is especially troubling given that as of July 2021, Plaintiff had all the information needed to effect service—a fact the Court did not have before it when it issued its March 9, 2022 Order. While there is no evidence of bad faith by Plaintiff, there is nothing that demonstrates Plaintiff was prevented from seeking service and thereby prevent delay of these proceedings. As stated by the Central District of California in 2015, the Ninth Circuit holds

> that "an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *accord Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). However, when advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [he] has knowledge." *Puett*, 912 F.2d at 274-275 (quoting and citing with approval *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal may be appropriate. *See Walker*, 14 F.3d at 1421–1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where he failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); *cf. Puett*, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

*Santillan v. Davis*, Case No. CV-1300734J-GBD-FM, 2015 WL 13915289, at *3 (C.D. Cal. Sept. 25, 2015), *report and recommendation adopted*, Case No. CV-1300734-JGBD-FM, 2015 WL 13915285 (C.D. Cal. Dec. 14, 2015).

Based on the foregoing, the Court finds Plaintiff has not established excusable neglect for failure to seek service on Williams in a timely manner. Therefore, service on Williams will not be ordered by the Court.

**IV.   Order**

Accordingly, IT IS HEREBY ORDERED that the Court's March 9, 2022 Order (ECF No. 59) is amended as stated above.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting Service on Defendant Corrections Officer Scott Williams (P# 9222), ECF No. 58, is DENIED.

Dated this 5th day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE